UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CIVIL ACTION NO. 5:09-CV-183-KKC

APRIL L. LOTT                                                                                    PLAINTIFF

v.                                   **OPINION AND ORDER**

TRADESMEN INTERNATIONAL, INC.                                                DEFENDANT

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on a motion *in limine* filed by Defendant Tradesmen International, Inc.: Motion to Exclude Portions of Lott's Demonstrative Exhibit (DE 145). Plaintiff April Lott proposed a demonstrative exhibit (DE 145-3) detailing how her damages should be calculated. The exhibit included totals for back pay ($108,212.00), lost benefits ($14,734.32), "medical bills that would have been covered insurance" ($2,184.03), and "punitive damages not to exceed" ($300,000.00). Objecting to the exhibit, Tradesmen argued that Lott's exhibit overstated the back pay recoverable to her, and that, regardless, back pay was an issue for the Court to decide. (DE 145-1). Additionally, Tradesmen objected to the exhibit's discussion of the law on punitive damages, and Tradesmen expressed concern about how punitive damages might be assessed. (*Id.*)

During a telephonic conference on January 10, 2013, the parties indicated their agreement to the Court determining damages and to conducting a bench trial in this matter. (DE 150). The parties subsequently filed a stipulation confirming their agreement to proceed with a bench trial rather than a jury trial. (DE 151). Despite this change, Tradesmen insisted that the Court consider this and its other motion *in limine* (DE 146), and so the Court has reviewed the exhibit and considered the parties' arguments.

The Court first notes that, per the parties' wishes, it will determine any damages in this case, and that any determination will be based on the appropriate legal standards. The Court also notes it is well aware of *State Farm Mutual Insurance Co. v. Campbell*, 538 U.S. 408 (2003). The Supreme Court's analysis will guide any assessment of punitive damages. The Court recognizes Tradesmen's concerns about being held responsible for the unrelated conduct of others, but the Court notes that most of these concerns arise from evidence that has been excluded or already limited.

Tradesmen seeks, through this evidentiary motion, an early limitation on the amount of possible damages it could face. Specifically, the parties differ in their calculations of back pay potentially available to Lott. Under Title VII, if liability is proved, there is a strong presumption in favor of back pay awards. *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 417-18 (1975); *see also Woolridge v. Marlene Industries Corp.*, 875 F.2d 540, 549 (6th Cir. 1989)("back pay should always be awarded absent the existence of exceedingly rare circumstances"). The Sixth Circuit has explained that "[i]t should be noted that the calculation of back pay for a discharged employee almost always involves ambiguity and requires some measure of 'speculation.'" *Lovely v. Aubry*, 24 F. App'x 337, 340 (6th Cir. 2001). In *Lovely*, the Sixth Circuit addressed a case also involving construction industry workers. The Sixth Circuit found that there was sufficient evidence to support the jury's award of back pay to the plaintiff. *Id.* at 341. Defendant argued the award was based on speculation because constructions workers such as the plaintiff were routinely laid off due to a lack of work. *Id.* The Sixth Circuit, however, concluded that given the testimony that there was "steady work" available for the plaintiff and the lack of specific evidence to the contrary, the jury could reasonably award damages for the longer period. *Id.*

At this time, the Court is not prepared to put the cart before the horse and determine damages before any liability. Given the many factual disputes between parties – attested to by the lengthy recitals accompanying these briefs – it would be premature to resolve this issue now. The Court notes, however, that "the victim of discrimination must prove entitlement to back pay by providing information from which her damages can be determined." *Woolridge* 875 F.2d at 547. "Backpay awards should completely redress the economic injury the claimant has suffered as a result of discrimination. A claimant, therefore, should receive the salary, including any raises, which he would have received but for discrimination." *Rasimas v. Michigan Dept. of Mental Health*, 714 F.2d 614, 626 (6th Cir. 1983).

Accordingly, the Court being otherwise sufficiently advised, IT IS HEREBY ORDERED that Tradesmen's Motion to Exclude Portions of Lott's Demonstrative Exhibit (DE 145) is GRANTED in that the Court will determine damages and that Lott's her instructions on punitive damages will be excluded.

This the 22nd day of January, 2013.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge