UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CIVIL ACTION NO. 5:09-CV-183-KKC

APRIL L. LOTT                                                                                          PLAINTIFF

v.                                            **OPINION AND ORDER**

TRADESMEN INTERNATIONAL, INC.                                                  DEFENDANT

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on a motion *in limine* filed by Defendant Tradesmen International, Inc.: Motion to Exclude Portions of Ryan Boyer's Deposition Testimony (DE 146). After the close of discovery, Plaintiff April Lott received permission to depose Boyer for use at trial pursuant to Federal Rule of Civil Procedure 32(a)(4)(B). (DE 112). Then, Tradesmen objected to the deposition as untimely and irrelevant (DE 86); now, Tradesmen has more specific objections to the testimony. The Court has previously addressed several motions *in limine* on similar issues (DE 133, 135), so the basic facts, and many of the arguments, are well known.

During a telephonic conference on January 10, 2013, the parties indicated their agreement to the Court determining damages and to conducting a bench trial in this matter. (DE 150). The parties subsequently filed a stipulation confirming their agreement to proceed with a bench trial rather than a jury trial. (DE 151). Despite this change, Tradesmen insisted that the Court consider this and its other motion *in limine* (DE 145), and so the Court has reviewed Boyer's deposition and considered the parties' arguments. The Court notes it is capable of attaching the proper weight to any testimony in light of all the evidence. Nevertheless, the Court will address each of Tradesmen's objections. For the following reasons, the Court will GRANT, in part, and

DENY, in part, the Motion to Exclude Portions of Ryan Boyer's Deposition Testimony (DE 146).

**I. Analysis**

Tradesmen seeks to exclude several sections of Boyer's testimony on various grounds. The Court will discuss each objection below.

**A.  Boyer's Testimony Concerning Placing Employees on Inactive Status**

Tradesmen objects to Boyer's testimony concerning placing employees on inactive status. Tradesmen argues that this testimony, comprising pages 35 to 45 of his deposition transcript (DE 146-1), is irrelevant and inadmissible. Previously, the Court addressed a similar issue in a prior motion *in limine* from Tradesmen. (DE 93). Tradesmen sought the exclusion of evidence that it retaliated against non-party employees. The Court granted the motion, in part, ruling that evidence about retaliation for filing workers compensation claims would be excluded from trial. (DE 133). The Court denied the motion in all other respects.

With Boyer's testimony, Lott attempts to show that Tradesmen's proffered legitimate reason for her termination – that there was "no work" – is pretextual and that the use of inactive status was common company practice. Boyer worked for Tradesmen as a district manager in its Indiana district. He only spoke about the practices within that district while admitting that he never met Lott, had no role in her termination, and had no knowledge of the practices in Tradesmen's Louisville district where Lott worked. In this testimony, Boyer cannot identify a single specific employee or instance in which a Tradesmen employee was placed on inactive status. (For example, "If you are asking for an exact detail, no," he said. (DE 146-1 at 47)). Given Boyer's lack of knowledge and lack of specifics, the testimony has almost no probative value. Tradesmen has not disputed that Lott was terminated; it has never argued that she was

2

simply placed on "inactive status." The only detail from Boyer comes from his affidavit (DE 152-1), but that concerns employees with workers' compensation issues, and the Court has excluded such evidence. (DE 133). Similarly, the Court will exclude Boyer's testimony about placing employees on inactive status.

### B. Boyer's Testimony About Missing E-Mails

The issue of Tradesmen's e-mails, and potentially missing e-mails, has been before the Court several times. Magistrate Judge Wier ordered (DE 61) Tradesmen to produce "all responsive and discoverable e-mails from or to [Mark] Bernard concerning April Lott and the subject matter of her case," and Tradesmen filed a Notice (DE 63) of its compliance. Later, the Court denied Lott's motion for an adverse inference instruction based on these e-mails. (DE 133). At the same, however, the Court denied Tradesmen's motion to exclude evidence and argument that Tradesmen failed to produce evidence (i.e. any e-mails). (*Id.*)

Boyer's testimony on this issue of e-mails, while not highly probative, is also not significantly prejudicial. Applying the balancing test of Federal Rule of Evidence 403, the testimony's probative value is not substantially outweighed by its prejudicial effect. Moreover, Tradesmen has highlighted the weaknesses of Boyer's testimony through cross-examination, and the Court will give the entire testimony the proper weight in light of all the evidence.

### C. Boyer's Testimony Concerning Drug Testing

Tradesmen objects that Boyer's opinion testimony about the drug testing procedures at Titan Contracting & Leasing is inadmissible because it is irrelevant. The Court agrees. Drug testing procedures – and Titan's actions, generally – are not the subject of Lott's claim. This testimony is not relevant to Lott's retaliation claim against Tradesmen and it will be excluded.

3

**D. Objections Based on Hearsay, Leading Questions, and Speculation**

   **1. Hearsay**

Tradesmen objects, on hearsay grounds, to Boyer's statement that relates information he received from a Ryan Ellis, a fellow manager at Tradesmen, about corporate level concern at the company about Lott's situation. (DE 146-1 at 15). Lott argues that the statement is not hearsay because Ellis' comments were within the scope of his employment. *See* Fed. R. Evid. 801(d)(2)(D); *Carter v. Univ. of Toledo*, 349 F.3d 269, 276 (6th Cir. 2003). The Court concludes the statement is not hearsay and will overrule this objection, but the Court notes its limited relevance and will give the statement its proper weight in light of all of the evidence.

   **2. Leading Questions**

Tradesmen objects to three questions on the grounds that they are improperly leading questions. (DE 146-6 at 17, 20, and 31-32). "It is well recognized that the use of leading questions during the direct examination of a witness falls within the sound discretion of the trial court. This principle is implicitly codified in Rule 611(c) of the Federal Rules of Evidence as well as in Model Code of Evidence Rule 105(g)." *United States v. Shoupe*, 548 F.2d 636, 641 (6th Cir. 1977)(citing Wigmore on Evidence (1970)). The Court will exercise that discretion here and overrule the objection because there is an absence of prejudice or clear injustice to Tradesmen. *Id.*

   **3. Speculation**

Pursuant to Federal Rule of Evidence 602, Tradesmen objects to what it calls the speculative nature of two Boyer responses. (DE 146-3 at 18-19 and 33-34). The Court agrees. In his responses, Boyer specifically explains his lack of personal knowledge – "I don't know" appears often in these answers – and there is little to show he had the requisite knowledge to

4

testify about either the profits earned from Titan or who was on specific conference call. Boyer could only speak about target profits within his Indiana district, and he was not on the conference call in question. The Court will exclude this testimony.

## II. Conclusion

For the reasons stated above, the Court will GRANT, in part, and DENY, in part, Tradesmen's motion *in limine* (DE 146). Accordingly, IT IS HEREBY ORDERED as follows:

(1) Boyer's testimony concerning placing employees on "inactive status," comprising pages 35-45 of his deposition is INADMISSIBLE;

(2) Boyer's testimony concerning missing e-mails comprising pages 28-32 and 59-63 of his deposition, and anywhere else it occurs in his deposition, is ADMISSIBLE,

(3) Boyer's testimony concerning drug testing procedures comprising pages 6-8 of his deposition is INADMISSIBLE;

(4) Boyer's testimony concerning a statement made by fellow tradesman manager Ryan Ellis on page 15 of his deposition is ADMISSIBLE;

(5) Counsel's questions and Boyer's responses on pages 17, 20, and 31 to 32 of Boyer's deposition are ADMISSIBLE; and

(6) Boyer's testimony concerning Tradesman's profit margin on pages 18-19 of his deposition and his testimony concerning participants on a Tradesmen conference call on pages 33-34 of his deposition are INADMISSIBLE

This the 22nd day of January, 2013.



Signed By:
*Karen K. Caldwell* KKC
United States District Judge