UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CIVIL ACTION NO. 5:09-CV-183-KKC

APRIL L. LOTT                                                                                            PLAINTIFF

v.                                              **OPINION AND ORDER**

TRADESMEN INTERNATIONAL, INC.                                                    DEFENDANT

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on several issues arising from Plaintiff April Lott's late production of discovery materials just days before trial. After two extensions, the final deadline for discovery was December 1, 2010. Trial is set to begin on January 28, 2013. Long after all these deadlines, however, Lott's counsel produced discovery materials on several matters on January 17, 18, and 23, only days before trial. In response to the late discovery, Tradesmen has moved to continue the trial (DE 164) and to exclude the late-produced evidence (DE 167). Additionally, Tradesmen argues that by disclosing certain e-mails with her counsel, Lott has waived her attorney-client privilege. The Court will address each of these issues in turn.

The disclosures from Lott's counsel on January 17 and 18 are composed of e-mails from Lott's account. The disclosure of January 23 involves revisions to Lott's employment history via an update to an interrogatory response. All of the disclosures are surprisingly late. The Sixth Circuit has noted the "broad discretion" a trial court has in controlling discovery, and it found a court properly exercised that discretion when precluding the calling of new witnesses first disclosed in supplemental interrogatory answers filed just three days before trial. *Davis v. Marathon Oil Co.*, 528 F.2d 395, 403 (6th Cir. 1975). *See also Net 2 Press, Inc. v. 58 Dix Ave.*

*Corp.*, 266 F. Supp. 2d 146, 161 (D. Me. 2003). ("While supplementation of interrogatory answers may be allowed under some circumstances, it should not be allowed after the filing of dispositive motions and on the eve of trial in the absence of extraordinary circumstances, which are clearly not present here.") Lott argues that there are no "new documents" in the updates regarding her work history, but presumably she has known her work history since the start of this case in 2009. Throughout, she has relied upon her resumes and employment applications, but now she has added to those with information about undisclosed jobs dating back to 1986. In the short time before trial, Tradesmen is unable to adequately respond. "Unfair surprise of this sort is contrary to the policy of the federal rules, which sanction extensive discovery." *Davis*, 528 F.2d at 404. Similarly, Lott and her counsel have possessed all of the e-mails in question since 2008,[1] and this disclosure leaves no adequate time for response. Given the timing of these disclosures on the eve of trial, and the lack of explanation for the extraordinary delay, the Court finds exclusion of the late-produced materials of January 17, 18, and 23 is the only sane solution.

Tradesmen has additional concerns about Lott's e-mail communication to attorney Kendra Rimbert on August 15, 2008 (DE 164-1) and Lott's e-mails with her attorney Stuart Alexander on August 19 and 20, 2008 ("Lott/Alexander Communications")(DE 164-2 and DE 164-3). Tradesmen argues that Lott has waived the attorney-client privilege by intentionally disclosing these privileged communications. Tradesmen further contends that any waiver extends beyond the e-mails disclosed.

The attorney-client privilege's purpose is to encourage free communication between clients and their attorneys. *Upjohn Co. v. United States,* 449 U.S. 383, 389 (1981). The privilege

---

[1] Two of the e-mail messages disclosed were sent to or from Tradesmen employee e-mail accounts, those of Stacey Thompson and Mark Bernard. (The Thompson e-mail of August 21, 2008, is disclosed twice.) Tradesmen had not previously disclosed these messages, but it had asked Lott if she had turned over all correspondence with Bernard and all e-mails related to her allegations, and she had answered that she had. (DE 154-2, Lott Depo. 5-6, 20).

extends only to communications, not underlying facts. *Id.* at 395-96. "But because the privilege operates to reduce the amount of information discoverable during the course of a lawsuit, it is narrowly construed. By voluntarily disclosing her attorney's advice to a third party, for example, a client is held to have waived the privilege because the disclosure runs counter to the notion of confidentiality." *In re Grand Jury Proceedings Oct. 12, 1995*, 78 F.3d 251, 254 (6th Cir. 1996) (international citations omitted). At the same time, Rule 502 of the Federal Rules of Evidence limits any waiver of the privilege. Fed. R. Evid. 502. The rule states, in part, that:

> the waiver extends to an undisclosed communication or information in a Federal or State proceeding only if:
> (1) the waiver is intentional;
> (2) the disclosed and undisclosed communications or information concern the same subject matter; and
> (3) they ought in fairness to be considered together.

*Id.* The Advisory Committee Note to Rule 502 The Advisory Committee Note to Rule 502 explains that the "subject matter waiver (of either privilege or work product) is reserved for those unusual situations in which fairness requires a further disclosure of related, protected information, in order to prevent a selective and misleading presentation of evidence to the disadvantage of the adversary."

The Lott/Alexander Communications contain multiple exchanges between Lott and Alexander. (DE 164-2 and DE 164-3). While Lott's messages are disclosed, Plaintiff has redacted Alexander's messages. (*Id.*) The Court applies Rule 502 of the Federal Rules of Evidence to analyze this disclosure. Lott has made a disclosure of "information covered by the attorney-client privilege or work-product protection" in a "Federal proceeding," i.e., the instant case, and the disclosure was "intentional." Fed. R. Evid. 502. Lott has waived any privilege she possessed with regard to the disclosed e-mails.

3

The Court must determine whether that waiver extends to *undisclosed* communications on the same subject matter, and, if so, whether "fairness" requires considering the disclosed and undisclosed communications together. "Ultimately, the scope of the waiver must be based upon the facts of each case; and the court must be guided by fairness concerns." *In re OM Sec. Litig.*, 226 F.R.D. 579, 590-91 (N.D. Ohio 2005). The subject matter of Lott's disclosed communications,[2] the e-mails between Lott and Alexander on August 19 and 20, 2008, is Lott's interaction with Tradesmen employees Mark Bernard and Ryan Gobert over those two days. In the e-mails, she contemporaneously recounts her version of those events. In the first e-mail to Alexander, Lott provides a play-by-play of her interaction with Bernard. In a later e-mail to Alexander, Lott recounts a telephone conversation with Bernard and notes that she is now in the office with Gobert. The undisclosed communications, which the Court reviewed *in camera*, move away from this subject matter. Furthermore, "in fairness," nothing else should be considered, because the e-mails in question will not be admitted into evidence and will not be considered by the Court. In other words, there will be no "selective and misleading presentation of evidence to the disadvantage of the adversary." Fed. R. Evid. 502, Advisory Committee Notes. As a result, Lott will gain no tactical advantage from these e-mails, whose relevance was minimal regardless, so "fairness" does not require more disclosure of privileged material.

There is only a single unredacted e-mail from Lott to Rimbert. In this e-mail, Lott forwards a July 10, 2008 e-mail she had received working at Titan and Lott references other similarly e-mail. (DE 164-1). The July 10, 2008 e-mail has already been produced in paper form. Applying the Rule 502 analysis from above, there has been an intentional disclosure of a

---

[2] The disclosure also includes an e-mail from Lott to both Alexander *and* Bernard, and it is addressed "Hi Mark." (DE 164-3). This message itself is not a confidential attorney-client communication.

4

privileged communication in a Federal proceeding. Also as above, the waiver is limited to the *disclosed* communication. The time for discovery has long passed. The Court will not consider this e-mail to Rimbert or the "newer" version of the July 10, 2008 e-mail (featuring the "Tired of Stubble" video link) in formulating its opinion. Furthermore, "fairness" does not require expanding that waiver to any undisclosed communications. The subject matter of this disclosed communication between Lott and Rimbert has been explored in discovery at length – the included e-mail has been produced before and Lott repeats allegations she has made throughout. There is no clear need to explore this territory again right before trial.

For the above state reasons, the Court will grant Tradesmen's motion to exclude the late-produced evidence (DE 167). Accordingly, the Court being otherwise sufficiently advised, IT IS HEREBY ORDERED that:

(1) Defendant's motion to exclude late-produced evidence (DE 167) is granted;

(2) Plaintiff's supplemental response to Defendant's Interrogatory No. 10 provided on January 23, 2013, shall be excluded, and Plaintiff shall not testify to this information;

(3) Plaintiff's late-produced e-mails provided to Defendant on January 17 and 18, 2013, shall be excluded; and

(4) Defendant's requests for additional discovery are denied.

This the 25th day of January, 2013.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge