UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CIVIL ACTION NO. 5:09-CV-183-KKC

APRIL L. LOTT     PLAINTIFF

v.     **MEMORANDUM OPINION AND ORDER**

TRADESMEN INTERNATIONAL, INC.     DEFENDANT

\* \* \*   \* \* \*   \* \* \*   \* \* \*

This matter is before the Court on Plaintiff April L. Lott's motion to alter or amend the Court's June 4, 2013 Findings of Fact and Judgment, or alternatively, for a new trial. (DE 190). Also before the Court is Defendant Tradesmen International, Inc.'s Bill of Costs (DE 188), to which Lott has filed objections (DE 189). For the reasons that follow, the Court will deny the motion and deny the Bill of Costs.

**I. Background**

Lott brought claims of retaliation under Title VII of the Civil Rights Act of 1964 and the Kentucky Civil Rights Act. Tradesmen recruits skilled craftsmen and leases them out to work for clients on specific projects on a temporary basis. Lott alleges that Tradesmen terminated her employment in retaliation for having complained she was sexually harassed while working for one of Tradesmen's clients and for threatening to sue that client regarding these complaints. To resolve these claims, the Court conducted a bench trial over three days beginning on January 28, 2013. The parties were granted time to file post-trial briefs and responses. This Court rendered its judgment on June 3, 2013. In it, the Court made the following findings of fact: (1) Lott's position as clerk with Titan Contracting and Leasing Company was unique among Tradesmen placements; (2) Lott had listed only clerical experience when applying for the position; (3) Titan

exercised its sole discretion to end that position; (4) Tradesmen had no further work for Lott and had no ability to provide a permanent in-house position for her; and (5) Tradesmen was not aware of Lott's complaints regarding at the time of the alleged retaliation by Tradesmen. Consequently, the Court entered judgment for Tradesmen.

**II. Motion to Amend and Reconsider, or Alternatively, for a New Trial**

Lott now moves for the Court to amend and reconsider its earlier factual and legal findings under Federal Rule of Civil Procedure 52 and enter judgment for her under Rule 59 or grant relief from the previous judgment under Rule 60. Alternatively, she seeks a new trial under Rule 59. As the basis for these requests, Lott states that the Court did not properly consider Mark Bernard's testimony that he denied Lott jobs she otherwise would have worked. Tradesmen resists this motion, saying the Court's earlier findings were correct, were based on its determination that Bernard and Lott lacked credibility, and are not impacted by Lott's arguments.

Under Rule 59(e), the Court "may alter a judgment based on '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson,* 428 F.3d 605, 620 (6th Cir. 2005)). A Rule 59(e) motion is not an opportunity to "relitigate" the case. *Dixon v. Clem,* 419 F. Supp. 2d 947, 950 (E.D. Ky. 2006). Instead, the Rule only allows for the correction of "manifest errors of fact or law." *Id.* The Court may also take further action after a nonjury trial under Rule 59(a).

Rule 60(a) provides, in relevant part, that "[c]lerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party...." Fed. R. Civ. P.

2

60(a). "The basic purpose of the rule is to authorize the court to correct errors that are mechanical in nature that arise from oversight or omission." *In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002) (citing 11 C. Wright & A. Miller, Federal Practice and Procedure § 2854, at 240 (2d ed.1995)). "The rule does not, however, authorize the court to revisit its legal analysis or otherwise correct an error[ ] of substantive judgment." *In re Walter*, 282 F.3d at 440 (quotation marks and internal citation omitted). At the same time, Rule 60(b) provides grounds for relief from a final judgment for enumerated reasons, including "mistake, inadvertence, surprise, or excusable neglect" and "newly discovered evidence." Fed. R. Civ. P. 60(b); *see also Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012).

The Court rejects Lott's motion first because, in making the factual and legal determinations, it specifically determined that Tradesmen had no other work for Lott and thus had a legitimate business reason for terminating her. The Court found that her placement as a clerk was a unique, and that when that position ended, Tradesmen unsuccessfully endeavored to help her find other jobs outside the company. Lott relies on the testimony of Bernard to support her motion and to support her claim that Tradesmen had construction work that it later chose not to offer her. The Court clearly rejected much of Bernard's testimony because it was not credible. (*See* DE 186 at 11). While the Court did not list every statement it found was not credible, it is evident that the Court rejected Bernard's ambiguous and unconvincing testimony about Lott being overlooked for construction work. The Court did note the contemporaneous telephone calls secretly recorded by Lott, and these discussions between Bernard and Lott further showed Lott's position had been unique and there were no other jobs for her. The Court also noted Lott had sought a position only as clerk and had listed only experience in clerical work. When her

placement as clerk ended – a job she admitted she was given as a favor – there was no other work for Lott with Tradesmen.

Moreover, the Court did not ignore the testimony at trial that supported Lott's allegations of retaliation related to future work with Tradesmen. Instead, it simply found that when considering the evidence as a whole, Lott failed to carry her burden of proof. The evidence highlighted in this motion by Lott was given due consideration by the Court in reaching its earlier decision and, once again, it does not show by a preponderance of evidence that Tradesmen retaliated against Lott.

Accordingly, Lott's Motion to Reconsider and Amend, or Alternatively for a New Trial will be denied.

### III. Bill of Costs

Defendant also has submitted a Bill of Costs. (DE 188). Defendant requests reimbursement for the following items: (1) fees for the service of a trial subpoena, totaling $60.00, (2) expenses incurred deposing two witnesses, totaling $1,375.80, (3) fees for a trial witness's attendance and travel, totaling $126.36, and (4) the fee for the trial transcripts, totaling $1,128.40. (DE 188-1). Lott opposes the entirety of these costs, which total $2,690.56.

The Federal Rules of Civil Procedure state that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Lott argues that this Court should exercise its discretion and refuse to grant costs in favor of the prevailing party. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-42 (1987)*; see also Marx v. Gen. Revenue Corp.,* 133 S.Ct. 1166, 1172 (2013) ("[T]he decision whether to award costs ultimately lies within the sound discretion of the district court."). In support, Lott states that her claim was not frivolous and was

brought in good faith. She further states that she is unable to afford to pay these costs because she has been unable to find steady work since Tradesmen terminated her.

There is a presumption in favor of awarding costs to the prevailing party in accordance with Rule 54(d). *Singleton v. Smith,* 241 F.3d 534, 539 (6th Cir. 2001). The Court of Appeals for the Sixth Circuit has "identified several factors a losing party may put forward that may be sufficient to justify a district court in overcoming the presumption in favor of a cost award, including the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs." *Id*. Additionally, the indigency of the losing party is a factor district courts are encouraged to consider. *Id.* (citing *White & White, Inc. v. Am. Hosp. Supply Corp.,* 786 F.2d 728, 730 (6th Cir. 1986)); *see also In re Ruben,* 825 F.2d 977, 987 (6th Cir. 1987). Here, the costs were necessary and reasonable. Statutory authority exists for taxing the items claimed by Tradesmen. *See* 28 U.S.C. § 1920. Lott has pointed to her good faith and stated an inability to pay. Considering the factors outlined by the Sixth Circuit and the facts of this case, this is enough to overcome the presumption favoring an award of costs. Therefore, costs will not be taxed to Lott.

### IV. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff April L. Lott's Motion to Amend and Reconsider, or Alternatively for a New Trial (DE 190) is DENIED. IT IS FURTHER ORDERED that Defendant Tradesmen International, Inc.'s Bill of Costs (DE 188) is DENIED.

This 3rd day of September, 2013.



Signed By:
*Karen K. Caldwell*
United States District Judge